IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PERRY WILBERGER, | ) | CASE NO. 1:14 CV 1631 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

**A.** **Nature of the case and proceedings**

Before me[1] is an action by Perry Wilberger under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript

---

[1] ECF # 13. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 9.

of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]

**B.    Background facts and decision of the Administrative Law Judge ("ALJ")**

Wilberger, who was 46 years old at the time of the administrative hearing,[10] is married[11] and a high school graduate.[12]

The ALJ, whose decision became the final decision of the Commissioner, found that Wilberger had the following severe impairments: degenerative disc disease, anxiety, and depression.[13]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Wilberger's residual functional capacity ("RFC"):

---

[4] ECF # 10.

[5] ECF # 6.

[6] ECF # 11.

[7] ECF # 16 (Wilberger's brief); ECF # 19 (Commissioner's brief); ECF # 20 (Wilberger's reply brief).

[8] ECF # 16-2 (Wilberger's charts); ECF # 19-1 (Commissioner's charts).

[9] ECF # 16-1 (Wilberger's fact sheet).

[10] Transcript ("Tr.") at 37.

[11] *Id.* at 19.

[12] *Id.* at 140-41.

[13] *Id.* at 13.

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant could occasionally lift 20 pounds and frequently lift 10 pounds. The claimant could stand and walk for six hours out of an eight-hour workday. The claimant could sit for six hours out of an eight-hour workday. The claimant would require a sit/stand option, every hour for five minutes, not leaving his workstation. The claimant could occasionally climb ramps and stairs. The claimant could occasionally balance and stoop, but never kneel or crawl. The claimant could frequently reach in all directions, and handle, finger and feel. The claimant should have no exposure to hazardous conditions. The claimant could perform simple routine tasks, with simple short instructions. The claimant could make simple work decisions and have few workplace changes. The claimant could have superficial interaction with the public, meaning no lengthy discussions, no negotiations or confrontation. The claimant could have occasional interaction with co-workers and supervisors..[14]

The ALJ decided that this residual functional capacity precluded Wilberger from performing his past relevant work as a truck driver, warehouse worker/delivery driver, and a delivery truck driver.[15]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Wilberger could perform.[16] The ALJ, therefore, found Wilberger not under a disability.[17]

---

[14] *Id.* at 16.

[15] *Id.* at 20.

[16] *Id.* at 20-21.

[17] *Id.* at 21.

**C.    Issues on judicial review and decision**

Wilberger asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Wilberger presents the following issues for judicial review:

- The ALJ failed to properly evaluate pain and credibility.

- The ALJ failed to properly evaluate the opinions of the treating physicians and other sources.

- The ALJ failed to provide a proper retrospective analysis of the evidence as required by SSR 893-20 and failed to have a medical expert at the hearing to interpret the record.

- The ALJ failed to fully and fairly develop the record.

For the reasons that follow, I will conclude that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, the matter must be remanded.

## Analysis

**A.    Standards of review** - **Substantial evidence**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[18]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[19] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[20]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Application of standard**

This case presents the situation of an ALJ providing a lengthy and detailed RFC, but offering no reviewable evidence in the record to support that finding.

Indeed, as noted by Wilberger, there is not one opinion from any medical source attesting to his ability to functionally perform at the level specified in the RFC, and the state agency reviewers were unanimous in finding that there was insufficient evidence of any

---

[18] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[19] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

disability prior to the alleged onset date.[21] This lacunae in the record is also apparent, but not articulated, in the ALJ's decision to accord no weight at all to the opinions of two of Wilberger's treating physicians,[22] whose views are arguably unclear as to whether they relate back to the relevant time period in this matter.[23]

In this situation, the ALJ provided no basis for meaningful review of his conclusions. As to the state agency reviewing sources, the ALJ notes their position that there is insufficient evidence of disability on any date before the date last insured but then states that evidence submitted after the date of the agency reviews establishes the existence of "severe impairments," as does the testimony of the claimant.[24] Yet, if there is such evidence, the ALJ does not cite it here, and so there is no opportunity for any meaningful judicial review.

---

[21] ECF # 16 at 12.

[22] Norman Lefkovitz, M.D., is a neurologist who regularly treated Wilberger (Tr. at 17), and James Bressi, M.D., is a colleague of Dr. Lefkovitz. *Id.* at 479-83. Opinions from Dr. Fajobi and Dr. Pahlajani were not directly addressed by the ALJ in his decision. In that regard, the Commissioner argues that: (1) Wilberger concedes that Dr. Fajobi's opinion did not relate back to the relevant time period (ECF # 16 at 18); and (2) Dr. Pahlajani only saw Wilberger once before offering a functional opinion, and so is not a treating source. *See*, Tr. at 593. However, even if not a treating source, Dr. Pahlajani's opinion would, nevertheless, be entitled to consideration.

[23] That is, the time between the alleged onset of disability and the date Wilberger was last insured. While a treating physician's retrospective diagnosis is entitled to controlling weight as a treating source opinion where it is clear that the opinion relates back to the insured period, where there is no evidence of that retrospective relationship, the treating source opinion is not entitled to controlling weight, and the ALJ does not err in discounting that opinion. *Koutrakos v. Colvin*, No. 3:13 CV 1290 JGM, 2015 WL 1190100, at *17 (D. Conn. Mar. 16, 2015) (citation omitted) (report and recommendation).

[24] Tr. at 18.

Further, on the specific matter of the RFC, the ALJ states that this late-submitted evidence also "would limit [Wilberger] to work at the light exertional level during the adjudicated period."[25] Again, if this evidence is to be the support for the RFC, it is difficult to review that decision without knowing the evidence.

That said, however, this is not a situation where SSR 83-20, cited by Wilberger,[26] is applicable. That provision, as the Sixth Circuit has stated, applies only where a disability has been found and the relevant question is when that disability began.[27] Thus, where there has been no finding of disability, "no inquiry into the onset date is required."[28]

Rather, the issue here is that the ALJ has not given a reviewable reason why the opinion of the state agency consultant of no disability during the relevant period was modified to a finding that Wilberger's impairments were nonetheless "severe during the period at issue."[29] By failing to specify the evidence relied upon in making that decision, the ALJ has made it impossible to adjudicate whether substantial evidence supports his ultimate finding that, though "severe," Wilberger's impairments were not disabling. Further, since this evidence is support for the particular elements of the RFC, it is equally difficult to review

---

[25] *Id.*

[26] ECF # 20 at 3.

[27] *Seely v. Comm'r of Soc. Sec.*, No. 14-5463, __ F. App'x __, 2015 WL 305322, at *5 (6th Cir. Jan. 23, 2015) (citation omitted).

[28] *Id.*

[29] Tr. at 18.

whether the RFC is supported by sufficient evidence if the evidence has not been identified by the ALJ.

Therefore, for the reasons stated, the matter must be remanded for further proceedings consistent with this opinion.

## Conclusion

Substantial evidence does not support the finding of the Commissioner that Wilberger had no disability. Therefore, the denial of Wilberger's application is reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: May 22, 2015                                s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge